UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SNAVELY,<br><br>                                   Plaintiff,<br><br>v.<br><br>BEST BUY, INC., PACIFIC SALES KITCHEN AND BATH CENTERS, and DOES 1 through 10,<br><br>                                   Defendants. | Case No.:  3:25-cv-01103-JAH-BLM<br><br>**ORDER WITHDRAWING MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY PROCEEDINGS AND REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**[ECF NO. 7]** |

Before the Court is Best Buy Stores, L.P. ("Best Buy Stores")  Motion to Compel Arbitration and Dismiss or Stay Proceedings against Brian Snavely ("Plaintiff").  ECF No. 7-1 ("Motion").  Plaintiff opposes the Motion and Best Buy has replied.  ECF Nos. 8 ("Response"), 12 ("Reply").  Although Best Buy Stores is not a named defendant in this action, it files its Motion and Reply asserting Best Buy Stores was "erroneously sued" under named defendants, Best Buy, Inc. and Pacific Sales Kitchen and Bath Centers, LLC. *See* ECF Nos. 7, 12.

For the reasons described below, the Court **WITHDRAWS** the pending Motion as moot and **REMANDS** the case to the Superior Court of California, County of San Diego, *sua sponte*, for lack of subject matter jurisdiction.

1

## BACKGROUND

The case comes before this Court following Best Buy L.P's removal of the action. ECF No. 1 ("Notice of Removal" or "NOR").  Plaintiff originally filed his complaint in the Superior Court of California, County of San Diego against Best Buy, Inc. ("Best Buy"), a Minnesota Corporation, Pacific Sales Kitchen and Bath Centers, LLC ("Pacific Sales"), a California limited liability company, and Does 1-10 (collectively, "Defendants") alleging causes of actions for: (1) Disability Discrimination in Violation of FEHA; (2) Failure to Reasonably Accommodate in Violation of § 12940(m); (3) Failure to Engage in The Interactive Process in Violation of § 12940(n); (4) Failure to Take All Reasonable Steps to Prevent Discrimination and/or Retaliation; (5) Retaliation in Violation of FEHA; and, (6) Wrongful Termination in Violation of Public Policy.  ECF No. 1-3 ("Complaint") at 7–8. Plaintiff asserts all claims against all named Defendants.  Compl. at 7.

Prior to the removal of this action, Plaintiff timely served the state court summons and Complaint on Defendants on March 31, 2025.  Compl. at 2–5.  Along with its Complaint, Plaintiff also served Defendants with a copy of the administrative complaint filed with the California Civil Rights Department ("CRD"), CRD No. 202503-2863, and Plaintiff's corresponding Right-to-Sue Notice, issued on March 21, 2025.  Compl. at 30– 35.  Neither Plaintiff's Complaint nor any of the CRD documents name Best Buy Stores as a party thereto.

On April 30, 2025, Best Buy Stores filed an answer in state court in which it purported to respond on behalf of the named Defendants by way of counsel's signature block: "Attorneys for Defendant BEST BUY STORES, L.P. (erroneously sued as BEST BUY INC., - PACIFIC SALES KITCHEN AND BATH CENTERS, LLC)."  ECF No. 2 at 1 ("Answer").

That same day, Best Buy Stores removed the state court action to federal court.  *See* NOR.  In a declaration filed in support of its Notice of Removal, Best Buy Stores admits that "Plaintiff was previously employed by Best Buy Stores, L.P. *and Pacific Sales Kitchen and Bath Centers, LLC* from September 7, 2003 through May 2, 2015," and that "[m]ost

2

recently, [Plaintiff] worked as an Appliance Sales Specialist at the Carlsbad, California Pacific Sales location in San Diego County." NOR ¶¶ 2-3 (emphasis added).

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only the power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have an independent obligation to determine whether subject matter jurisdiction exists, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and Federal Rule of Civil Procedure 12(h)(3) allows a court to question subject matter jurisdiction *sua sponte* at any time while the action is pending. Fed. R. Civ. P. 12(h)(3).

Under 28 U.S.C. § 1441(a), a state court action "of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). To properly remove an action under § 1441(a), a party must also meet the requirements for removal outlined in 28 U.S.C. § 1446. § 1441. Relevant here, a defendant cannot remove unilaterally. Instead, "all defendants who have been properly joined and served must join in or consent to the removal of the action." § 1446(b)(2)(A). Moreover, if federal jurisdiction is based on diversity jurisdiction, the case may not be removed if any defendant is "a citizen of the State in which such action is brought." § 1441(b)(2). In the context of removal, "the term 'defendant' refers only to the party sued by the original plaintiff." *Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170 (9th Cir. 2022) (internal citations and quotations omitted).

Federal courts "must exercise prudence and restraint when assessing the propriety of removal because determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (internal citation and quotations omitted). "If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Id.*

3:25-cv-01103-JAH-BLM

There is "strong presumption" against removal jurisdiction and courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). A "defendant always has the burden of establishing that removal is proper." *Id.* "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (internal citation omitted).

## **DISCUSSION**

Best Buy Stores argues removal was proper pursuant to 28 U.S.C. §§ 1441(a) and 1446 because complete diversity exists and the amount in controversy exceeds $75,000. *See* NOR at 3–7. Accordingly, Best Buy Stores asserts this Court has original subject matter jurisdiction over the lawsuit. *Id.*

As an initial matter, the Court does not question whether the amount in controversy is at issue here. Although Plaintiff's Complaint does not specify the amount Plaintiff seeks to recover in this action, Plaintiff lists a variety of damages, including economic damages (lost wages, future lost income, loss of benefits), non-economic damages (emotional distress, damage to professional reputation), punitive damages, prejudgment interest, attorneys' fees and costs. Compl. ¶¶ 1–10. The Court finds these allegations sufficient to find that "it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Nor does the Court to find reason to believe Best Buy Stores failed to comply with any of the procedural requirements mandated by §§ 1441(a) and 1446. *See* NOR ¶¶ 38–39. Thus, in considering whether removal was proper for purposes of establishing subject matter jurisdiction, the only issue before the Court is whether Best Buy Stores, as the removing party, has satisfied its burden to show complete diversity between the parties. The Court holds it does not.

Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For purposes of determining diversity of citizenship, an individual is deemed a

citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert* Co., 265 F.3d 853, 857 (9th Cir. 2001). "A limited partnership or a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A. and Best Buy Stores, L.P.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).

Diversity is determined by citizenship of parties at the time of filing the original complaint and must exist when action is removed. *Strotek Corp. v. Air Transport Ass'n. of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002).

Here, Best Buy Stores' Notice of Removal alleges that complete diversity exists because Plaintiff is a citizen of California and Best Buy Stores is a citizen of Minnesota and Virginia.[1] NOR ¶¶ 10–23. The Court finds these allegations insufficient because Best Buy Stores is not named in the Complaint and has not been properly joined and served as a defendant, as required under § 1441(b)(2). Moreover, even if Best Buy Stores was named in the Complaint, it fails to show why this Court should disregard the citizenship of the named Defendants, one of which destroys diversity between the parties.

First, and most importantly, Best Buy Stores is unable to satisfy its burden to show that removal is proper because it is not named as a defendant in the Complaint. Two cases are instructive here. In *Sharma v. HSI Asset Loan Obligation*, the district court allowed an unnamed party to remove an action upon filing a notice of removal purporting to be the "real party in interest." 23 F.4th at 1170–71. On appeal, the Ninth Circuit reversed the district court's denial of remand, explaining that "[t]he text of § 1441(a) specifically limits the ability to remove to the 'defendant or the defendants,' and contains no language allowing mistakenly omitted parties, wrongly excluded parties, or any other type of non-

---

[1] Pursuant to 28 U.S.C. § 1441(b)(1), "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, at 971 (9th Cir. 2002).

defendant to remove an action to federal court." *Id.* at 1170 (citing 28 U.S.C § 1441(a)). The Ninth Circuit rejected the district court's reliance on *La Russo v. St. George's U. Sch. of Med.*, 747 F.3d 90 (2d Cir. 2014), which held that a "*real* party defendant in interest" must remove within 30 days after it is "on notice that the wrong defendant has been named," explaining that:

> This rule is contrary to both the language of 28 U.S.C. § 1446(b) and the [U.S. Supreme Court's] holding in *Murphy Brothers*, both of which support a straightforward conclusion: the 30-day deadline for a defendant named in the complaint to remove a case to federal court begins when the defendant is subject to either service of the summons and complaint, or receipt of the complaint "through service or otherwise."

*Id.* (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)) (emphasis added). The court reasoned that "[i]f Congress meant to allow a 'real party defendant in interest' to remove an action on behalf of a named defendant, it could have written the statute that way." *Id.* at 1171 (internal citations omitted). Accordingly, the Ninth Circuit reversed and held that the district court should have remanded the action back to state court "[b]ecause no actual defendant removed this case." *Id.*

Similarly, in *Good v. Google LLC*, the Northern District of California applied the Ninth Circuit's ruling in *Sharma* to facts analogous to the instant case. No. 22-CV-05622-JSC, 2022 WL 17436482, at *1 (N.D. Cal. Dec. 6, 2022). There, the plaintiff's complaint named Air France-KLM Group and made allegations as to Air France-KLM Group, but plaintiff served his summons at the address of its subsidiary, Societe Air France. *Id.* Societe Air France then appeared, removed the case to federal court, and made numerous representations that it had been "incorrectly named as Air France-KLM Group." *Id.* The court ordered Societe Air France to explain its authority to remove the matter on those grounds "while also filing motions with arguments relevant to the named defendant—the Air France-KLM Group." *Id.* In rejecting Societe Air France's explanation that it was an intended named defendant, the court held that, under those facts, both Societe Air France and Air France-KLM Group lacked authority to amend to correct the so-called "technical"

misnomer issue. *Id.* at *4 (explaining that Air France-KLM Group did not file the notice of removal and therefore could not amend, while Societe Air France lacked authority to file in the first place). Thus, relying on *Sharma*, the court remanded the action back to state court and reaffirmed that "a misnamed defendant cannot remove under 28 U.S.C. § 1441(a)." *Id.* at *3.

Like in *Sharma*, here, Plaintiff's complaint named Best Buy and Pacific Sales as defendants in the state court action. Under the removal statute, only Best Buy and Pacific Sales could remove the case to federal court, but neither did. *See Sharma,* 23 F.4th at 1170; *Good,* 2022 WL 17436482 at *1. Instead, Best Buy Stores filed a Notice of Removal removing this case from state court and providing only conclusory allegations in the signature block that it was "erroneously sued as" the named Defendants. Best Buy Stores made no attempt to explain or support its assertion, including to argue, for example, that the named Defendants are sham defendants, that they were fraudulently joined to defeat diversity, or that Defendants are nominal defendants. *See, e.g.*, *Strotek*, 300 F.3d at 1133 ("Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder."). To the contrary, Best Buy Stores admits in its Notice of Removal that Plaintiff did in fact work for Pacific Sales, NOR ¶¶ 2-3, thereby permitting this Court to reasonably infer that Plaintiff intended to name Pacific Sales as a real party defendant in interest in this action. *Cf. Rice v. Hamilton A.F. Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) (holding that "a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant").

To date, the docket and all captions and filings in this case continue to list Best Buy and Pacific Sales as the only named Defendants in this litigation. *See generally* docket. Neither the state court Complaint nor the CRD documents relating to the underlying administrative action ever refer to or name Best Buy Stores as a defendant. *See generally* NOR. Nor has Best Buy Stores moved or provided any evidence in this action to show they are a party in interest properly joined and served as a defendant, or otherwise moved

3:25-cv-01103-JAH-BLM

to challenge or remove the propriety of the named Defendants.  Prior to removing the case to federal court, Best Buy Stores made no request in state court to change or challenge the named Defendants.[2]  In the state court action, only Best Buy and Pacific Sales were served with service of process.  Best Buy Stores was never served, and it is unclear why or how Best Buy Stores became involved in the instant litigation.  On these facts, this Court cannot "allow[] an unnamed party to remove the case to federal court."  *Sharma*, 23 F.4th at 170.

Separately, this Court also finds that removal is not proper because Best Buy Stores fails to explain why this Court should disregard the citizenship of the named Defendants, one of which would destroy diversity between the parties.  As discussed, the Notice of Removal only addresses diversity citizenship as to Plaintiff, a citizen of California, and Best Buy Stores, a citizen of Minnesota and Virgina, but conveniently omits any discussion as to the citizenship of the named Defendants.  The Notice of Removal makes no attempt to explain why the Court should exclude the named Defendants from its analysis of whether diversity is proper, especially where the Complaint repeatedly refers to Pacific Sales as a "California limited liability company."  *Rice*, 720 F.2d at 1085.

Ultimately, even if Best Buy Stores could show it is a "real party defendant in interest," it cannot show that removal is proper because Ninth Circuit precedent makes clear that pursuant to 28 U.S.C. § 1441(a) only a *named* defendant can properly remove a case to federal court.  *Sharma*, 23 F.4th at 1170.  An unnamed party's unsubstantiated assertions on a notice of removal and subsequent filings alleging it was "erroneously sued

---

[2] California state law permits courts to, "in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect."  Cal. Civ. Proc. Code § 473.  There is no equivalent rule in federal courts and this Court must apply federal procedural rules given that the matter proceeds before this Court based on diversity jurisdiction.  *See Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1019 (S.D. Cal. 2000) ("It is well-established that federal courts sitting in diversity must apply state substantive law and federal procedural rules.").

8

3:25-cv-01103-JAH-BLM

as" is not sufficient to cure this defect. *Id.*; *see also Good,* 2022 WL 17436482 at *4.

Although a "defendant may amend its notice of removal to correct defective jurisdictional allegations—such as the failure to specify a party's citizenship—so long as the basis for removal (e.g., diversity jurisdiction) remains the same as in the original notice of removal," the Court finds that Best Buy Stores lacks authority to do so because the failure is Best Buy Stores' authority to invoke 28 U.S.C. § 1441(a), not the notice of removal's sufficiency under 28 U.S.C. § 1446. *See Good,* 2022 WL 17436482 at *4.

In light of the Ninth Circuit's strong preference in favor of resolving jurisdictional ambiguities by remanding cases back to state court, the Court holds the ambiguities relating to the parties' diversity of citizenship requires this Court to remand the case back to state court.[3] *See Gaus*, 980 F.2d at 566.

Accordingly, the Court HEREBY WITHDRAWS Best Buy Stores' pending Motion and REMANDS the action back to state court for lack subject matter jurisdiction.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. The Motion to Compel Arbitration is **WITHDRAWN** as moot.

2. This action is **REMANDED** to the Superior Court of California, County of San Diego.

The Court instructs the Clerk of the Court to close the case.

IT IS SO ORDERED.

DATED:  March 27, 2026

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

---

[3] The Court finds no other basis for subject matter jurisdiction.  The Court does not have federal question jurisdiction because Plaintiff's claims are pled under California state law and there is no basis for supplemental jurisdiction.

9

3:25-cv-01103-JAH-BLM